David MILLER, Plaintiff,

v.

Jo Anne BARNHART, Commissioner
of Social Security, Defendant.

No. 02–3410–CV–S–REL–SSA.

United States District Court,
W.D. Missouri,
Southern Division.

Nov. 26, 2003.

Gerald V. Liljedahl, Springfield, MO, for
plaintiff.

Judith Strong, Assistant United States
Attorney, Kansas City, Mo, for defendant.

***ORDER***

LARSEN, United States Magistrate
Judge.

Before the court is defendant's mo-
tion to alter or amend the order filed May
27, 2003. The language at issue is as
follows:

Dr. Hwang's opinion *is* objective medical evidence, it need not be *supported* by objective medical evidence. Rather, the opinion should be supported by "medically acceptable diagnostic techniques."

Defendant argues that Dr. Hwang's medical opinion is not objective medical evidence, defined as "evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption" in 20 C.F.R. §§ 404.1512(b)(1) and 404.1529(c)(2), but rather is a medical opinion, defined in 20 C.F.R. § 404.1527(a)(2) as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions". Defendant does not dispute the importance of treating physicians' opinions, and does not dispute the outcome of this particular case. Defendant only takes exception to the language quoted above.

Title 20, C.F.R. § 404.1512(b)(1) (2003) defines objective medical evidence as "medical signs and laboratory findings as defined in § 404.1528(b) and (c)." The definition of a medical sign may be broken down into two components. First, a medical sign must be an anatomical, physiological, or psychological abnormality which can be observed. Second, a medical sign must be shown by medically acceptable clinical diagnostic techniques. 20 C.F.R. § 1528(b) (2003).

Recognized examples of medical signs include palpably swollen or tender lymph nodes on physical examination; nonexudative pharyngitis; and persistent, reproducible muscle tenderness on repeated examinations. *Mastro v. Apfel,* 270 F.3d 171, 177 (4th Cir.2001). These medical signs

are anatomical or physiological abnormalities which can be observed. Unlike these signs, Dr. Hwang's Medical Source Statement—Physical is a written document reflecting his judgments about the physical capabilities of the plaintiff. Dr. Hwang's opinion is not a physical abnormality which can be observed.

Neither is Dr. Hwang's opinion a laboratory finding. Laboratory findings are anatomical, physiological, or psychological phenomena which can be shown by medically acceptable laboratory diagnostic techniques. 20 C.F.R. § 404.1528(c) (2003). Some examples of medically acceptable laboratory diagnostic techniques which would yield laboratory findings are chemical tests, EKGs, x-rays, and psychological tests. 20 C.F.R. § 404.1528(c) (2003). Dr. Hwang's medical opinion is not a "laboratory finding."

■■■ Although Dr. Hwang's opinion is not objective medical evidence, it would still be granted controlling weight. A treating physician's opinion is granted controlling weight when the opinion is not inconsistent with other substantial evidence in the record and the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1527(d)(2) (2003). Dr. Hwang's medical opinion was not inconsistent with other substantial evidence in the record, and it is well supported by medically acceptable clinical and laboratory diagnostic techniques. Neither party disputes that fact.

Based on the above, I find that Dr. Hwang's medical opinion is not a "medical sign" or a "laboratory finding", and is therefore not objective medical evidence as defined in 20 C.F.R. § 404.1512(b)(1). It is instead a "statement from a physician that reflects his judgment about the nature and severity of plaintiff's impairment", as defined in 20 C.F.R. § 404.1527(a)(2). The

weight given that opinion and its importance in the final outcome of plaintiff's case remain unchanged.

It is

ORDERED that defendant's motion to alter the order granting disability benefits is granted, and the language "*is* objective medical evidence, it need not be *supported* by objective medical evidence" is stricken and replaced with "is a statement from a physician that reflects his judgment about the nature and severity of plaintiff's impairment". All other aspects of the order reversing the decision of the Commissioner and remanding for an award of benefits remain unchanged.